UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

MOHAMED ABD EL WEDOUD,

     Petitioner,

v.

TODD LYONS et al.,

     Respondents.

_____/

Case No. 1:26-cv-1309

Honorable Paul L. Maloney

## OPINION

Petitioner, a United States Immigration and Customs Enforcement (ICE) detainee currently detained at the North Lake Processing Center located in Baldwin, Lake County, Michigan, initiated this action by filing a counseled combined petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and complaint for declaratory and injunctive relief. (Pet., ECF No. 1.) For the following reasons, the Court will dismiss Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

## Discussion

### I.  Procedural History

In Petitioner's § 2241 petition, Petitioner challenges the lawfulness of his current detention and asks the Court to, *inter alia*, issue a writ of habeas corpus pursuant to 28 U.S.C. § 2241 ordering Respondents to release Petitioner or to conduct a bond hearing. (Pet., ECF No. 1, PageID.12–13.)

In an order entered on April 24, 2026, the Court directed Respondents to show cause, within three business days, why the writ of habeas corpus and other relief requested by Petitioner should

not be granted. (Order, ECF No. 3.) Respondents filed their response on April 27, 2026, (ECF No. 4), and Petitioner filed his reply on April 30, 2026, (ECF No. 5).

## II.     Relevant Factual Background

Petitioner is a native and citizen of Mauritania. (Pet., ECF No. 1, PageID.4; Notice to Appear (NTA), ECF No. 4-1, PageID.57.) Petitioner entered the United States in July 2024 without inspection. (NTA, ECF No. 4-1, PageID.57.) After Petitioner entered the United States, Department of Homeland Security (DHS) agents encountered Petitioner, and at that time, DHS issued Petitioner a Form I-862, NTA, charging Petitioner with inadmissibility under § 212(a)(6)(A)(i) of the Immigration and Nationality Act (INA) because Petitioner is an immigrant "present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." (*Id.*) DHS then released Petitioner on his own recognizance into the United States. (*See* Pet., ECF No. 1, PageID.4.)[1]

On January 23, 2026, Petitioner reported for a scheduled ICE check-in appointment, and at that time, ICE took Petitioner into custody. (2026 Form I-213, ECF No. 4-2, PageID.62.) On March 12, 2026, the Detroit Immigration Court held a bond hearing pursuant to § 1226, and in a written order following the hearing, the Immigration Court denied Petitioner's request for bond, stating: "Flight risk." (Mar. 12, 2026, Order Immigration Judge, ECF No. 4-4, PageID.68.) There is no indication in the record before this Court that Petitioner is currently scheduled for any further hearings in Immigration Court.

---

[1] Contrary to the Court's order in the Order to Show Cause entered on April 24, 2026, Respondents failed to "indicate the statutory basis for [Petitioner's] release or parole into the United States in their written response" and failed to "provide copies of the relevant documents that show the statutory basis for Petitioner's release or parole into the United States and any conditions imposed on Petitioner during his release or parole," and they also failed to "provide an explanation in their response as to why they [we]re unable to" "provide copies of these documents." (Order, ECF No. 3.)

2

### III.    Habeas Corpus Legal Standard

The Constitution guarantees that the writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). Section 2241 of Title 28 confers the federal courts with the power to issue writs of habeas corpus to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. This includes challenges by non-citizens in immigration-related matters. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also A. A. R. P. v. Trump*, 145 S. Ct. 1364, 1367 (2025).

"Under Article III of the United States Constitution, federal courts have the power to adjudicate only 'Cases' and 'Controversies.'" *Cal. Palms Addiction Recovery Campus, Inc. v. United States*, 158 F.4th 726, 730 (6th Cir. 2025) (quoting *Mokdad v. Sessions*, 876 F.3d 167, 169 (6th Cir. 2017)). "Part of what Article III requires is that there be a *live* case or controversy—'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome,' a case becomes moot." *Id.* (some internal quotations omitted) (citation omitted). "When the case-and-controversy requirement is not satisfied, federal courts lack subject-matter jurisdiction." *Id.* (citing *Mokdad*, 876 F.3d at 170.)

### IV.    Analysis

In Petitioner's § 2241 petition, as relief, Petitioner asks the Court to order Respondents to conduct a bond hearing or, alternatively, to release Petitioner from custody. (Pet., ECF No. 1, PageID.12–13.) Prior to initiating this action, Petitioner had a bond hearing in the Detroit Immigration Court, and the Immigration Judge issued a written decision denying Petitioner's request for bond on March 12, 2026. (Mar. 12, 2026, Order Immigration Judge, ECF No. 4-4, PageID.68.)

3

Although in the present § 2241 petition, Petitioner argues that his detention generally violates the Due Process Clause of the Fifth Amendment, Petitioner does not raise any constitutional claims regarding the March 2026 bond hearing. (*See generally* Pet., ECF No. 1.) Indeed, Petitioner's § 2241 petition and reply do not mention the December 2025 bond hearing. (*See id.*; Reply, ECF No. 5.) Under these circumstances, because Petitioner received a bond hearing, which is the relief that he seeks in his § 2241 petition, and Petitioner does not raise any claims regarding the bond hearing itself in the present action, it appears that the present § 2241 petition is moot. Therefore, the Court will dismiss the action without prejudice.[2]

## **Conclusion**

For the reasons discussed above, the Court will enter a judgment dismissing Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 without prejudice.

Dated:   May 1, 2026                          /s/ Paul L. Maloney
                                              Paul L. Maloney
                                              United States District Judge

---

[2] Petitioner is free to challenge the constitutionality of the bond hearing; however, any such challenge raises new claims that were not raised in Petitioner's original § 2241 petition and which are not presently before the Court. If Petitioner wishes to file a *new* § 2241 petition raising claims regarding the March 2026 bond hearing, Petitioner may do so by filing a new action with the applicable filing fee or an application to proceed *in forma pauperis*.